PASADENA POLICE OFFICERS ASSO-
CIATION et al., Appellants,

v.

CITY OF PASADENA, Appellee.

No. 16034.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 17, 1973.

Rehearing Denied July 19, 1973.

Owens & Fortney, Richard Owens, Fort Worth, Joel Cook, Emory Carl, Houston, for appellants.

Charles A. Easterling, City Atty., E. J. Wheeler, Asst. City Atty., Pasadena, for appellee.

PEDEN, Justice.

After a non-jury trial in this trespass to try title suit, the trial court rendered judgment for plaintiff, the City of Pasadena, against the Pasadena Police Officers Asso-

**390**

ciation, a corporation, and its officers for title and possession of a 4.61 acre tract of land located in Pasadena.

The uncontroverted facts include:

1. The Pasadena Police Officers Association, hereinafter referred to as "Association," requested the City of Pasadena to convey a tract of land to the Association so that the Association could build a recreational center for the children of Pasadena. The Association is entirely independent from the City of Pasadena.

2. The City Commission of Pasadena, hereinafter referred to as "City," passed Ordinance No. 1130 on January 13, 1953. This ordinance stated that such recreational center to be built on the requested tract of land would be in the best interests of the City and that the Association should be given a deed to the tract in question subject to the following conditions:

A. The City would place a reverter clause in the deed.

B. If the Association became inactive or failed to carry out and continue use of the property as a recreation center for boys and girls, then by ordinance duly passed and recorded title to the land would revert to the City.

3. A deed was executed to the Association by the City on January 13, 1953. This deed conveyed the 1.564 acre tract to the Association and contained the reverter clause authorized by Ordinance No. 1130.

4. The Association desired a larger tract of land than the 1.564 acre tract and there was evidence that the City needed the 1.564 acre tract. A request was made to the City that a 4.61 acre tract some distance away be conveyed to the Association. In return for the 4.61 acre tract, the Association would return the 1.564 acre tract to the City and would build the already promised recreational facility.

5. On December 1, 1953, the City Commission passed the second ordinance, No. 1181. This ordinance recited (1) the request of the Association for the 4.61 acre tract; (2) that the Association proposed to erect a recreational center; (3) the Association in consideration of such conveyance would convey to the City title to the 1.564 acre tract; (4) that the conveyance of the 4.61 acre tract would be subject to a reversionary clause which stated that if the Association became inactive or if the 4.61 acre tract was not used for recreational purposes, the City could effect a reversion of title.

6. On March 2, 1955, a deed conveying the 4.61 acre tract from the City to the Association was executed. $10.00 and other valuable consideration were cited as consideration. This deed did not contain a reverter clause as recited in Ordinance No. 1181.

7. On May 8, 1956, the City passed Ordinance No. 1292 stating that the 4.61 acre tract was to be conveyed to the Association without the reverter clause. It recited that the Association had agreed as consideration to convey to the City the 1.564 acre tract described above.

8. On May 8, 1956, the City executed a new deed to correct the deed dated March 2, 1955. The new deed was passed pursuant to Ordinance No. 1292 and (1) recited $10.00 and other valuable consideration and (2) stated that the reversionary interest of the City of Pasadena as described in Ordinance No. 1181 was expressly repealed.

9. The City enacted Ordinance No. 69–105 on May 13, 1969, in which the City stated that it exercised the City's right of reverter in its former Ordinance No. 1181 so that title to the land reverted to the City.

10. Members of the Association generously contributed their time, energy and money for many years in building and operating the recreational center.

The City's petition in this suit asserted that Ordinances 1130, 1181, and 1292 and the accompanying deeds were void as being without consideration and were in violation

of Article III, § 55 of the Texas Constitution, Vernon's Ann.St.

The defendants answered by (1) general denial, and by (2) plea of not guilty; (3) they pleaded that in passing Ordinance No. 1130 the City was exercising a legitimate governmental Function under its charter and under the general laws of Texas, (4) they asserted that in compliance with Ordinance No. 1181 the plaintiff delivered a deed to defendant which did not contain any condition on the use of the property, nor did it contain a right of reverter, (5) contended that the plaintiff agreed that in consideration of the defendant Association borrowing the sum of $25,000 from Great Southern Life Insurance Co., and of the Association obligating itself to repay said money and performing the governmental function of providing recreational facilities the plaintiff would release any conditions or restrictions and right of reverter that plaintiff held on the 4.61 acre tract, (6) stated that in reliance on plaintiff's cancelling all of its claims and restrictions the defendant Association borrowed the $25,000 and became obligated to pay it, (7) listed expenses of $44,898.68 incurred by the Association in maintaining the recreational center; (8) denied that plaintiff, under Ordinance 69–105, was authorized to exercise its right of reverter and that Ordinance 69–105 operated to divest defendant of its title to said 4.61 acre tract, because:

a. The 4.61 acre tract was unencumbered with any conditions or right of reverter by the City.

b. The City repealed Ordinance No. 1181 which possessed a right of reverter.

c. Ordinance 1292 which repealed the right of reverter was supported by valid consideration since defendant Association bound itself to pay a sum of $25,000 and to erect valuable improvements, both of which obligations it carried out.

d. Ordinance 69–105, which asserted the right of reverter, was invalid since no notice was given to defendant of its intended passage and such Ordinance 69–105 violated defendant's constitutional rights, Art. 1, § 19 of the Texas Constitution and the 14th Amendment to the U. S. Constitution, and (9) alleged that the City is estopped to assert that its Ordinance No. 1292, which canceled its right of reverter, is invalid.

The trial judge rendered judgment that the City recover the 4.61 acre tract of land in question.

Findings of fact and conclusions of law were made. The findings of fact included:

8. "That Ordinance No. 69–105 as the same appears as Plaintiff's Exhibit No. 7 was duly enacted on the date therein stated and filed in the Deed Records of Harris County, Texas, at the volume and page shown thereon."

10. "That the City of Pasadena was not promised, nor did it receive anything in exchange for the purported property transfers described above."

11. "That the findings of the City Council in Ordinance No. 69–105 are true and correct."

Conclusions of law included:

1. "That whenever one of the above mentioned deeds may vary from the terms in the ordinance authorizing it, such deed must be, and it is, reformed to concur exactly with the ordinance authorizing it."

2. "That no valid consideration passed to the City of Pasadena, Texas, for any of the above purported property conveyances."

3. "That even if there had been valid consideration for the deeds authorized by Ordinance No. 1130 and 1181 no valid consideration passed to the City of Pasadena, Texas, for the purported release of the conditions and reversionary rights authorized by Ordinance No. 1292."

4. "That the above described deeds and release of the power of termination in Ordinance No. 1292 are void as being

a donation of municipal property, a lending of its credit, or a grant of a thing of value in aid of a corporation in violation of Article III, Secs. 51, 52, 53, 55, Article XI, Sec. 3, Article XVI, Sec. 6, and other applicable sections of the Texas Constitution."

5. "That title to the tracts described in the above named ordinances and deeds has at all material times been and is now vested in the City of Pasadena, Texas."

6. "That even if there had been consideration for the 4.61 acre tract, title would have reverted to the City of Pasadena, Texas, by virtue of Ordinance No. 69–105."

7. "That the relief granted in the judgment was requested by the Plaintiff and is authorized by the laws of the State of Texas."

Defendants requested further, additional, or amended findings of fact and conclusions of law. The motion was denied. Exceptions to the court's findings of fact and conclusions of law were filed.

Appellant asserts thirteen points of error. Points numbers seven through nine will be discussed together:

7. The trial court erred in holding that the deed from the appellee to the appellant Association dated May 8, 1956, conveying title to the 4.61 acre tract without the reverter clause was void as not supported by a valuable consideration to the City because a $25,000 loan was made in reliance thereon.

8. There is no evidence to support the finding of the court that the deed from the City to the Association of the 4.61 acre tract without reverter was void for lack of consideration.

9. The finding of the trial court that the deed from the City to the Association of the 4.61 acre tract without reverter was void for lack of consideration is against the great weight and preponderance of the evidence.

We overrule these points of error.

By Ordinance No. 1292 the City purported to repeal the reverter clause of Ordinance No. 1181. The May 8, 1956 deed, as authorized by Ordinance No. 1292, contained no reverter clause. It stated that it was executed for the purpose of correcting a deed dated March 2, 1955 (which had been authorized by Ordinance No. 1181). Thus, by Ordinance No. 1292 and the deed executed pursuant to it, the 4.61 acre tract was conveyed to the Association without a reverter clause. The record shows that this transfer was completed so that appellant Association could obtain a loan for the completion of the already promised recreational building. The Association was short on funds, and a loan could only be received if the City would release the reverter clause. Although the reverter clause had been left out of the deed executed under Ordinance No. 1181, this omission did not render invalid or inoperative the reverter provision in the ordinance. Absent ratification, a municipality cannot convey more than it was authorized by ordinance to convey. 40 Tex.Jur. 2d 83, Municipal Corporations § 400. And persons who deal with municipal corporations are chargeable with notice of the extent of its powers and must take notice at their peril of any restrictions or limitations on that power. City of Beaumont v. Moore, 146 Tex. 46, 202 S.W.2d 448, 452 (Tex.1947); 40 Tex.Jur.2d 99, Municipal Corporations, § 410.

In gaining title to the 1.56 acre tract and the 4.61 acre tract the Association had offered consideration in the form of a promise to erect a recreational building. The consideration cited for the repeal of the reverter clause is the same consideration cited in the previous two ordinances, No. 1130 and No. 1181. This last ordinance, No. 1292, and the conveyance issued under it were without consideration, because the appellant had already twice agreed to build a recreational center. Where a party agrees to do what he is already bound to do by an original contract, there is not sufficient consid-

eration to support a supplemental contract or modification. De Puy v. Lone Star Dredging Co., 162 S.W.2d 161 (Tex.Civ. App.1942, writ ref. w. o. m.); Signs v. Bankers Life & Casualty Co., 340 S.W.2d 67 (Tex.Civ.App.1960, no writ); Stone v. Morrison & Powers, 298 S.W. 538 (Comm.App.1927, holding approved); 12 A.L.R.2d 80. The ordinance and the deed attempting to withdraw the reversionary provision were without consideration, so they were contrary to the provisions of Article III, Sections 51, 52, 53 and 55 also Article XI, Section 3 and Article XVI, Section 6 of the Texas Constitution.

These actions of the City where, under the findings in this case, outside its jurisdiction, so they were void. Howard v. Henderson County, 116 S.W.2d 479 (Tex. Civ.App. 1938, writ ref.).

Points of error eleven and twelve will be discussed together.

11. There is no evidence to support the finding of the trial court that the findings of the City Council in Ordinance No. 69–105 are true and correct.

12. The finding of the trial court that the findings of the City Council in Ordinance No. 69–105 are true and correct is against the great weight and preponderance of the evidence.

These points of error are overruled. Section 2 of Ordinance 1181 provided that the conveyance of the 4.61 acre tract should contain a provision substantially as follows: "In the event the Pasadena Police Officers Association should become inactive or in the event of the failure of the Pasadena Police Officers Association to carry out and continue the use of the property herein conveyed as a recreation center for boys and girls, or boys or girls, then the deed and all rights, title and interest conveyed to such a corporation may be terminated, cancelled, and voided by ordinance duly passed by the City Commission of the City of Pasadena, and upon the passage of such ordinances and the filing of a

certified copy thereof for recording in the Deed Records of the County Clerk's office of Harris County, Texas, all rights, titles and interests in and to said property shall revert to and vest in the City of Pasadena. The passing and filing of such certified copy of such ordinances as herein provided shall automatically divest such corporation of all rights, titles and interests in and to said land, and reinvest the title, and all rights and interests therein, in the City of Pasadena."

The City Council found in Ordinance No. 69–105 that an emergency exists and that the tract in question ". . . is no longer being used to carry out and continue the use thereof as a recreation center for boys and girls . . ." as provided by Section 2 of Ordinance No. 1181.

■ There is evidence in the record that the gymnasium was closed for two or three months in the summer of 1969 because the Association lacked funds to maintain it and was trying to sell the facility. Advertisements for its sale were placed in newspapers and bids were sought. Although there was testimony that the closing was temporary, the eleventh finding of the trial court is not contrary to the great weight of the evidence.

Appellant's tenth point of error is that the City's attempted assertion of its right of reverter was void because the City did not notify the Association of any claimed default, with right to correct same, or of the City's intention to exercise its claimed right of reverter.

■ The due process clause of the U. S. Constitution requires that deprivation of life, liberty, or property by adjudication be preceded by notice and the opportunity for a hearing appropriate to the nature of the case. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

■ However, in declaring a reverter of a fee title under a condition subsequent, the City was asserting a contractual right.

In passing Ordinance 69–105, the City gave appellant the same notice which other applicable ordinances received. It is true that Ordinance No. 69–105 was not posted, but a notice of the agenda was placed on the bulletin board in the City Hall and additional copies were made available to the public. Contents of the agenda were published at least 72 hours in advance and this posting complied with the State Open Meeting law, Art. 6252–17, Vernon's Texas Civil Statutes. Contents of the agenda are customarily published in the newspaper.

A city ordinance providing for street improvements is not a special law, within the meaning of Article III, Section 57 of the Texas Constitution, so no notice was required other than that prescribed by the City's charter. Connor v. City of Paris, 87 Tex. 32, 27 S.W. 88, 92 (1894).

In passing Ordinance 69–105, the City timely declared a forfeiture of the Association's right and title to the tract and proceeded to file this action in trespass to try title. This was the proper remedy of a grantor in event a condition subsequent is broken by a grantee. City of Dallas v. Etheridge, 152 Tex. 9, 253 S.W. 2d 640 (1952). Under these circumstances a grantor who is a private citizen is not required to give notice to his grantee that he is considering the exercising of his right of reverter, and we find no authority for holding that a municipal corporation is required to give its grantee actual notice of a meeting to consider the matter when it has given notice by posting the agenda.

We overrule the tenth point.

Appellant's thirteenth point of error is that the appellee is estopped to assert that its deeds to appellant Association are void because appellee, after their execution and delivery and with full knowledge thereof, allowed appellant Association to make valuable improvements on such property.

We overrule this point. Although a municipality may be estopped by its acts and conduct within its powers, a void act, one that is beyond its powers, may not be validated upon principles of estoppel. Zachry v. City of San Antonio, 296 S.W.2d 299, 305 (Tex.Civ.App.1956); see also the opinion of the Texas Supreme Court (affirming) at 157 Tex. 551, 305 S.W.2d 558, 563. It is settled law that a municipality cannot be estopped by ultra vires acts or unauthorized or illegal acts, even though it has received and accepted the benefits which have accrued. Community Natural Gas Co. v. Northern Texas Utilities Co., 13 S.W.2d 184, 194 (Tex.Civ. App.1929, writ dism.). A city is not estopped to question the validity of its bonds issued in violation of the law. Radford v. City of Cross Plains, 126 Tex. 153, 86 S.W.2d 204, 207 (1935). See also 40 Tex. Jur.2d 98, Municipal Corporations, § 409 and authorities there cited.

Our holdings on these points make it unnecessary for us to discuss the appellants' other points.

The judgment of the trial court is affirmed.

COLEMAN, C. J., not participating.