**In re H2O PLUMBING, INC.**

No. 04–03–00139–CV.

Court of Appeals of Texas, San Antonio.

July 2, 2003.

David E. Chamberlain and Meredith Presley Wood, Chamberlain & McHaney, Austin, for Appellant.

Rand J. Riklin, Goode, Casseb, Jones, Riklin, Choate & Watson, P.C., San Antonio, for Appellee.

David P. Benjamin, O'Connell & Benjamin, L.L.P., San Antonio, for Appellee.

Kenneth L. Fuller, Shaddox, Compere, Walraven & Good, P.C., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

This mandamus arises out of a contractual indemnity case. Relator H2O Plumbing, Inc. ("H2O") seeks a writ of mandamus ordering respondent, the Honorable Pat Priest, to strike the findings of fact relating to the merits of the underlying dispute that were included in his October 31, 2002 order compelling the underlying case to arbitration. Because we conclude that H2O is entitled to the relief sought, we conditionally grant the writ.

### BACKGROUND

H2O and Capital Industries, Inc. ("Capital") are defendants in the underlying lawsuit. Capital brought a cross-claim against H2O for contractual indemnity. The plaintiff in the underlying lawsuit non-suited Capital and settled with H2O. As such, the only remaining issue in the case is the contractual indemnity action brought by Capital against H2O. Because the insurers for both H2O and Capital are members of the Inter-Company Arbitration Act, H2O demanded the trial court compel arbitration with respect to this indemnity claim. Capital contested H2O's motion. The trial court agreed with Capital and denied the motion to compel arbitration.

However, at the conclusion of the bench trial on Capital's indemnity claim, the trial court ruled that the contractual arbitration provision was applicable and that arbitration was the appropriate forum for the contractual indemnity dispute. Despite this ruling, the trial court proceeded to announce several findings of fact with respect to the merits of the case. Over H2O's objection, the trial court entered findings of fact along with its order compelling arbitration. Most of these findings of fact relate to the merits of the underlying dispute rather than to the formation of the arbitration agreement.[2]

### DISCUSSION

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992); *In re Dilley Indep. Sch. Dist.*, 23 S.W.3d 189, 191 (Tex.App.-San Antonio 2000, orig. proceeding). H2O argues that the trial court abused its discretion in entering findings of facts relating to the merits of the underlying cause of action. We agree. If the arbitration agreement encompasses the claim at issue and there are no defenses to its enforcement of the arbitration

2. Findings of Fact Nos. 1 through 8 relate to the merits of the underlying dispute.

agreement itself, the trial court has no discretion but to compel arbitration and stay its own proceedings. *In re J.D. Edwards World Solutions Co.*, 87 S.W.3d 546, 549 (Tex.2002). Here, despite determining that the case should go to arbitration, the trial court entered findings of fact relating to the merits of the dispute. In doing so, the trial court abused its discretion.

■ According to H2O, it will be irreparably harmed unless we order the trial court to strike its findings of fact. We agree. Nothing in the arbitration rules prohibits Capital from using the findings of fact in the arbitration proceeding. Indeed, Capital has already submitted the findings to the arbitration panel. And, H2O will have no remedy by appeal. The rules that will govern this particular arbitration do not allow for appeal: "The decision of the majority of arbitrators is final and binding without the right of rehearing or appeal, as to the claim or suit arbitration." Moreover, the right of appeal in general from an arbitrator's decision is very limited. See *Glazer's Wholesale Distribs., Inc. v. Heineken USA, Inc.*, 95 S.W.3d 286, 295 (Tex.App.-Dallas 2001, pet. granted) (noting that arbitration act permits limited judicial review of structure of proceeding but allows virtually no judicial review of merits of proceeding); *Island on Lake Travis, Ltd. v. Hayman Co. Gen. Contractors, Inc.*, 834 S.W.2d 529, 533 (Tex.App.-Austin 1992) ("A mere mistake of fact or law alone is insufficient to set aside an arbitration award; only those errors of fact or law that result in a fraud or some great and manifest wrong and injustice warrant setting aside an arbitration award."), *writ granted w.r.m.*, 848 S.W.2d 84 (Tex.1993).

Capital contends that H2O does have an adequate remedy of law as shown by H2O filing a notice of appeal in this court. We have, however, dismissed that appeal for lack of jurisdiction. See *H2O Plumbing, Inc. v. Capital Indus., Inc.*, No. 04-03-00136-CV, 2003 WL 21217455, at *1 (Tex. App.-San Antonio May 28, 2003). In its notice of appeal, H2O stated that it was appealing the trial court entry of findings of fact in the order compelling the parties to arbitration, the same order from which they seek mandamus relief here. *Id.* Capital filed a notice of cross-appeal, stating that it was appealing the same order, the one that compelled the parties to arbitration. *Id.* In our memorandum opinion, we first noted that the trial court's order compelling the parties to arbitration is an unappealable interlocutory order. *Id.* Second, we noted that no statute permits the interlocutory appeal of a trial court's entry of findings of facts. *Id.* As such, the appeal was dismissed for lack of jurisdiction. Because the appeal was dismissed, Capital's argument no longer applies.

Capital also argues that granting H2O mandamus relief will "deprive Capital of an opportunity to present its timely and perfected cross-appeal challenging the order compelling arbitration of the dispute." As noted, that appeal has been dismissed for lack of jurisdiction. There is, therefore, no need to be concerned about how this mandamus will affect Capital's cross-appeal.

Finally, Capital argues that H2O failed to furnish a reporter's record of the bench trial as required by Texas Rule of Appellate Procedure 52.7(a)(2). As such, Capital contends that H2O's petition should be dismissed. On June 3, 2003, we ordered H2O to correct this deficiency no later than June 17, 2003. In response, H2O filed a complete reporter's record of the bench trial and is, therefore, in compliance with rule 52.7(a)(2).

82

## CONCLUSION

Because the trial court abused its discretion in entering findings of fact relating to the merits of the underlying dispute, we conditionally grant H2O's petition for writ of mandamus. TEX.R.APP. P. 52.8(c). With regard to the order of October 31, 2002, only if the Honorable Pat Priest fails to strike his findings of fact relating to the merits of the underlying dispute will we issue the writ.