WITHDRAWN
11/3/2004




                                                  IN THE
                                 TENTH COURT OF APPEALS
                                                                    

                                         No. 10-02-00317-CV

THE TEXAS PARKS AND WILDLIFE 
DEPARTMENT, DOUG HAMMITT, 
AND MARVIN C. WILLS, JR.,
Appellants
v.

E.E. LOWREY REALTY, LTD. 
D/B/A GATESVILLE STORAGE 
AND THE ESTATE OF E.E. LOWREY,
Appellees
                                                                         

                                   From the 52nd District Court
                                        Coryell County, Texas
                                   Trial Court # COT-01-33440
                                                                                                                 
                                              O P I N I O N
                                                                                                                 
This is an interlocutory appeal of the denial of a plea to the jurisdiction. E. E. Lowrey
Realty, Ltd. and the estate of E. E. Lowrey (collectively ALowrey@) brought suit against the
Texas Parks and Wildlife Department and Doug Hammitt and Marvin C. Wills, Jr., employees
of the Department, for fire damage to premises owned by Lowrey and leased by the
Department to store a boat. Lowrey=s petition alleged that the negligence of the employees in
installing lights on the boat caused a fire and that the Department breached its lease agreement
by not compensating Lowrey for damages to the premises. The Department, Hammitt, and
Wills filed pleas to the jurisdiction, contending that sovereign immunity bars Lowrey=s claims. 
The trial court overruled the plea.
The Department, Hammitt, and Wills complain on appeal that the trial court erred in:
(1) making findings of fact, (2) overruling the plea to the jurisdiction as to the breach-of-contract claim, and (3) overruling the plea as to the tort claim. We will dismiss the employees=
appeals. We will also reverse the trial court=s order and render judgment dismissing all claims
against the Department.
                                   CLAIMS AGAINST THE EMPLOYEES
Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code permits an
interlocutory appeal of the grant or denial of a governmental unit=s plea to the jurisdiction. 
Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp. 2004). The right to such
an appeal does not, however, extend to an employee of the governmental unit, even when the
employee is a codefendant with the governmental unit. See Castleberry Indep. Sch. Dist. v.
Doe, 35 S.W.3d 777, 780 (Tex. App.CFort Worth 2001, pet. dism=d w.o.j.); Univ. of
Houston v. Elthon, 9 S.W.3d 351, 354 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d
w.o.j.); Dallas County Community College Dist. v. Bolton, 990 S.W.2d 465, 467 (Tex.
App.CDallas 1999, no pet.); but see Nueces County v. Ferguson, 97 S.W.3d 205, 210 n.2
(Tex. App.CCorpus Christi 2002, no pet.).
We requested that the employees show grounds for continuing the appeal. In a letter-brief, the Attorney General argues that, although an employee named in an individual capacity
may not appeal, an employee named in an official capacity should enjoy the benefit of the
statute allowing an interlocutory appeal. He points to decisions saying that a suit filed against
an employee in an official capacity is an attempt to impose liability on the State and therefore
the suit is in actuality against the governmental unit. See, e.g., Vela v. Rocha, 52 S.W.3d
398, 403 (Tex. App.CCorpus Christi 2001, no pet.). The employee may raise any defense
available to the governmental unit, including sovereign immunity, when sued in an official
capacity.


 See, e.g., Gonzales v. Avalos, 866 S.W.2d 346, 349 (Tex. App.CEl Paso 1993,
writ dism=d w.o.j.). Because both the governmental unit and the employee are Athe state@ in
that circumstance, the Attorney General reasons, an employee sued in an official capacity
should be allowed to appeal an adverse ruling on a plea to the jurisdiction based on sovereign
immunity.
We are faced, however, with the plain meaning of the words used in the
statuteCAgovernmental unit.@ Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (referring
to the definition in section 100.101); St. Luke's Episcopal Hosp. v. Agbor, 952 S.W.2d 503,
505 (Tex. 1997) (AThe Legislature's intent is determined from the plain and common meaning
of the words used.@). Hammitt and Wills are individuals, not governmental units.
Alternatively, the Attorney General asks us to treat the employees= pleas to the jurisdiction
as a motion for summary judgment, the denial of which would be reviewable under section
51.014(a)(5) of the Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a)(5) (Vernon Supp. 2004). We decline the invitation.
We dismiss the appeals of Doug Hammitt and Marvin C. Wills, Jr. for want of jurisdiction
to entertain them.
                                          THE DEPARTMENT=S ISSUES
The Department asserts three issues.
Findings of Fact
The Department=s first issue contends that the trial court erred in making findings of fact. 
A[N]o statute permits the interlocutory appeal of a trial court=s entry of findings of fact.@ In re
H2O Plumbing, Inc., 115 S.W.3d 79, 81 (Tex. App.CSan Antonio 2003, orig. proceeding). 
We dismiss the issue.
Plea to the Jurisdiction - Tort Claims Act
The Department=s third issue contends that the trial court erred in overruling the
Department=s plea to the jurisdictionCbased on sovereign immunityCrelated to claims under
the Texas Tort Claims Act.
Unless the state consents, sovereign immunity deprives a trial court of subject matter
jurisdiction of suits against the state and certain governmental units. Texas Department of
Parks and Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004). The Tort Claims Act
provides a limited waiver of sovereign immunity. Id.; Tex. Civ. Prac. & Rem. Code Ann.
'' 101.001-.109 (Vernon 1997 & Supp. 2004). It waives sovereign immunity for tort liability
for property damage Aaris[ing] from the operation or use of a motor-driven vehicle or motor-driven equipment.@ Tex. Civ. Prac. & Rem. Code Ann. ' 101.021(1)(A) (Vernon 1997). 
For liability to Aarise out of@ the use of a vehicle, there must be a nexus between the operation
or use of the motor-driven vehicle or equipment and the plaintiff's injury. Dallas Area Rapid
Transit v. Whitley, 104 S.W.3d 540, 543 (Tex. 2003); Tex. Nat. Resource Conservation Com=n
v. White, 46 S.W.3d 864, 869 (Tex. 2001). The burden rests with the plaintiff to plead facts
that affirmatively show that the court has jurisdiction.


 Godley ISD v. Woods, 21 S.W.3d 656,
658 (Tex. App.CWaco 2000, pet. denied). Our review of the trial court=s ruling on a plea to
the jurisdiction is de novo. Id.; Miranda, 133 S.W.3d at 226.
Lowrey=s petition does not allege operation or any use of the boat, or any other item, as a
vehicle or as motor-driven equipment. Thus, the claim does not fall within the exception to
sovereign immunity. Accordingly, the trial court erred in denying the plea to the jurisdiction,
and we sustain the Department=s third issue.
Plea to the Jurisdiction - Breach of Contract Claim
Although Lowrey=s counsel appears to have conceded the second issue at the trial court=s
hearing on the plea to the jurisdiction, the Department asserts sovereign immunity related to
Lowrey=s breach-of-contract claim. Lowrey=s brief does not respond to this issue.
The State does not waive immunity from suit simply by contracting with a private person. 
General Services Comm=n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001). 
Legislative consent to sue is still necessary. Id.; see also Federal Sign v. Texas Southern
University, 951 S.W.2d 401, 408 (Tex. 1997); Tex. Gov=t Code Ann. ' 2260.007 (Vernon
Supp. 2004).
Finding no consent to sue the Department, we sustain its second issue.

                                                      CONCLUSION
We reverse the trial court=s denial of the Department=s plea to the jurisdiction and render
judgment dismissing the claims against the Texas Parks and Wildlife Department for want of
jurisdiction. See Tex. Dep=t of Transp. v. Garza, 70 S.W.3d 802, 808 (Tex. 2002).



BILL VANCE
Justice

Before Chief Justice Gray,
Justice Vance, and
Justice Reyna



Appeal dismissed in part
Trial court judgment reversed and rendered in part 
Opinion delivered and filed July 21, 2004
[CV06]