SOMERVELL COUNTY HEALTH-CARE AUTHORITY d/b/a Glen Rose Medical Center Nursing Home, Appellant,

v.

Joyce SANDERS, Individually and as Personal Representative of the Estate of Edwin H. Clayton, Deceased, Appellees.

No. 10-04-00077-CV.

Court of Appeals of Texas, Waco.

June 22, 2005.

Alexis J. Fuller Jr., Davis & Davis, P.C., Austin, for appellant.

Jill Berni Herz, Jill Berni Herz PC, Dallas, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA. (Chief Justice GRAY concurs in the opinion other than the discussion of how this opinion is "consistent" with prior opinions of this Court. A careful analysis of those prior opinions belies the statements made in that portion of the opinion).

## OPINION

FELIPE REYNA, Justice.

Somervell County Healthcare Authority d/b/a Glen Rose Medical Center Nursing Home (Nursing Home) appeals the trial court's denial of its plea to the jurisdiction premised on sovereign immunity. Because the pleadings do not allege that the death in question was caused by a condition or use of tangible personal or real property, we will reverse and render.

Edwin H. Clayton was a resident of the Glen Rose Medical Center Nursing Home (Nursing Home), a wholly owned subsidiary of the Somervell County Healthcare Authority. While there Clayton slipped and fell on urine that had accumulated next to his toilet, and as a result fractured his hip. He was taken to the hospital and remained there after hip surgery. Two months after his fall, he developed sepsis from a decubitus ulcer [1] and died.

Joyce Sanders, acting individually and as the personal representative of Clayton's estate, filed a wrongful death and survival action under the Texas Tort Claims Act (TTCA) against the Nursing Home, alleging that the Nursing Home was negligent and grossly negligent because it failed to address Clayton's high risk for falls, and it negligently prescribed and administered anticholinergic [2] medications which exacerbated Clayton's condition. The Nursing Home filed a plea to the jurisdiction, asserting that it is a governmental unit, and as such, is entitled to sovereign immunity as to all of Sanders's claims. TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3)(B) (Vernon Supp.2004). The trial court denied the Nursing Home's plea, and the Nursing Home filed this interlocutory appeal.

Sovereign immunity has two components: immunity from liability and immunity from suit. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Section 101.021 waives the State's immunity from liability under certain cir-

---

1. A decubitus ulcer is a pressure sore or what is commonly known as a "bed sore."

2. According to Sanders, anticholinergic medicines impede the impulses of parasympathetic nerve fibers.

cumstances. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The TTCA also waives the State's immunity from suit as to the extent of liability created by [the TTCA]. TEX. CIV. PRAC. & REM.CODE § 101.025 (Vernon 1997). Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction because, absent the State's consent to sue a governmental entity, a trial court has no basis for jurisdiction. *Tex. Dept. of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex.1999). A trial court's subject-matter jurisdiction is a question of law and subject to *de novo* review. *Tex. Nat Res. Conservation Com'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). There is no dispute that the Nursing Home is a governmental entity, and as such is entitled to sovereign immunity. *See Snelling v. Mims*, 97 S.W.3d 646, 653 (Tex.App.-Waco 2002, no pet.). The only question is whether Sanders pled facts sufficient to waive immunity under the TTCA.

■ Sanders brought suit against the Nursing Home under the portion of the TTCA that waives immunity from liability for personal injury caused by "a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM.CODE § 101.021(2). Sanders bears the burden of pleading facts to establish that the condition or use of tangible personal or real property proximately caused the damages alleged. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex.2003). We do not look at the merits of the case, rather we review the pleadings in favor of Sanders and accept the pleadings' factual allegations as true. *Davis v. Burnam*, 137 S.W.3d 325, 331 (Tex.App.-Austin 2004, no pet.) (citing *Texas Ass'n of Bus. v. Tex. Air Control Board*, 852 S.W.2d 440, 443 (Tex.1993)). However, we are not constrained to the pleadings only. *Jones*, 8 S.W.3d at 639. We may also consider any evidence raised by the parties if necessary to resolve the jurisdictional issue. *Tex. Dept. of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex.2001).

Parts of Sanders's amended original petition alleges the following facts: the Nursing Home should have recognized that Clayton was at a high risk for falls; the Nursing Home failed to address Clayton's fall risk; the Nursing Home exacerbated Clayton's fall risk by administering anticholinergic medications; the Nursing Home failed to recognize, diagnose, and treat Clayton's depression; the Nursing Home failed to provide Clayton proper medical care. The petition states that these facts proximately caused Clayton's injury, ultimately resulting in his death.

Most of Sanders's allegations involve the failure of the Nursing Home to act and do not involve the use of tangible personal or real property. The pleading of these "failures to act" are not sufficient to waive the Nursing Home's sovereign immunity. *Snelling*, 97 S.W.3d at 654 (holding that plaintiff's petition alleging that the defendant nursing home failed to diagnosis, treat, report injuries, and supervise employees was not sufficient to waive immunity); *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996) (holding the failure to administer an injectable drug is a non-use of tangible property and does not fall under the waiver provisions of the TTCA); *U. of Texas Med. Branch v. York*, 871 S.W.2d 175, 176 (Tex.1994) (holding that information in medical records not tangible personal property). The only facts in the pleading that arguably involve a condition or use of property is the Nursing Home's administration of anticholinergic medicine to Clayton.

Sanders argues that the prescription and administration of anticholinergic medications to Clayton was inappropriate for someone with Clayton's condition. She relies on *Quinn* to support her position.

*Quinn v. Mem'l Med. Ctr.*, 764 S.W.2d 915, 917 (Tex.App.-Corpus Christi 1989, no writ). In that case, the Corpus Christi Court of Appeals held that "dispensing a drug by a hospital pharmacy is a use of tangible personal property." *Id.*

However, the Nursing Home does not prescribe or dispense drugs to its residents. On the contrary, it is responsible only for distributing the drug to the resident according to the prescribing doctor's directions. Clayton's medication was prescribed by Clayton's personal physicians and dispensed by a pharmacist, none of whom are the Nursing Home's employees.

■ Improper use of medication is characterized as a use of tangible property. *See Thomas v. Harris County*, 30 S.W.3d 51, 56 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Yet, Sanders does not argue that the Nursing Home gave the drugs in an improper manner contrary to the orders of the prescribing doctor. Sanders argues that Clayton's medication caused symptoms of sedation, drowsiness, and dizziness, and that because the Nursing Home was aware of these side effects, it should have provided proper medical care and supervision. The essence of Sanders's complaint is that the Nursing Home failed to monitor Clayton while taking his medication, and as a result, he slipped and fell. The failure to monitor, like the failure to diagnose, is not a claim involving the condition or use of tangible property. *See Snelling*, 97 S.W.3d at 654.

Because Sanders's claim does not fall under section 101.021(1), the Nursing Home's immunity from liability has not been waived. TEX. CIV. PRAC. & REM.CODE § 101.021(1). Likewise, its immunity from suit has not been waived. TEX. CIV. PRAC. & REM.CODE § 101.025. Accordingly, Sanders's suit is barred by sovereign immunity.

■ Sanders requests that in the event we find that her pleadings are insufficient to state a waiver of immunity, we remand this cause to the trial court so that she can amend her pleadings and cure the defect. While Sanders has a right to amend her pleadings to attempt to cure jurisdictional defects, the facts and evidence in Sanders's petition and first amended petition lead us to conclude that it is impossible for Sanders to amend the pleadings in a manner which would establish a waiver of immunity. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Tex. Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex.2002); *Livecchi v. City of Grand Prairie*, 109 S.W.3d 920, 923 (Tex. App.-Dallas 2002, pet. dism'd by agr.); *City of San Benito v. Ebarb*, 88 S.W.3d 711, 724 (Tex.App.-Corpus Christi 2002, pet denied).

■ This opinion is consistent with our holdings in *Tex. A & M Univ. Sys. v. Koseoglu* and *Tex. Parks and Wildlife Dept. v. Lowrey*. 167 S.W.3d 374, 381 (Tex.App.-Waco 2005, pet. filed); 155 S.W.3d 456 (Tex.App.-Waco 2004, pet. filed). In each instance, we recognized that there are two aspects to the rule. Once a pleading has been declared deficient, either by the trial court or by the appellate court, the court should first ask whether it is possible for the plaintiff to cure the defect. *Koseoglu*, at 381, . If the pleading is found to be incurable, *i.e.*, the allegations "affirmatively negate" a claim under the TTCA, then dismissal is appropriate. *Ramirez*, 74 S.W.3d at 867; *Koseoglu*, at 381. Secondly, if the pleading is curable, then the court should ask whether the plaintiff had a reasonable opportunity to cure the defect. *Koseoglu*, at 381. If so, then dismissal is appropriate. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27. If not, then the court should allow the plaintiff an opportunity to

amend and cure the defect. *See Koseoglu,* at 381, (citing *Harris County v. Sykes,* 136 S.W.3d 635, 639–40 (Tex.2004)).

In *Koseoglu,* we found that the pleading did not affirmatively negate a claim and remanded the cause to allow Koseoglu to amend his pleadings. *Koseoglu,* at 384 (finding that the mere filing of a plea to the jurisdiction coupled with the passage of time does not equal an opportunity to cure a defective pleading). In *Lowrey,* the trial court denied the Department's plea to the jurisdiction, but we sustained it. 155 S.W.3d at 459. Following *Harris County v. Sykes,* we remanded to allow Lowrey to re-plead. *Id.* Here, we conclude that Sanders cannot amend her pleadings because the allegations affirmatively negate a claim under the TTCA; thus, we render a judgment in favor of the Nursing Home.

We reverse the order denying the plea to the jurisdiction and render a judgment of dismissal.