**TEXAS DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, et al., Appellants,**

v.

**Joy PEARCE, Appellee.**

**No. 10–99–156–CV.**

Court of Appeals of Texas, Waco.

March 29, 2000.

Rehearing Overruled May 10, 2000.

Ken W. Williford, Fort Worth, Joe Cannon, Cannon & Simmons, Groesbeck, for appellants.

Kurt Howard Kuhn, Asst. Solicitor Gen., Bridget Lynn McKinley, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## O P I N I O N

REX D. DAVIS, Chief Justice.

Joy Pearce filed a wrongful death suit against the Department of Mental Health and Mental Retardation ("MHMR"), Mexia State School (the "School"), and certain employees of the School after her adult son Robert, a resident of the School, died from the ingestion of medication prescribed for Sheldon Harris, one of the defendant employees. Robert allegedly removed the medication from the pocket of Harris's coat after Harris hung it on a hook on Robert's bedroom door. The court denied a plea to the jurisdiction premised on sovereign immunity, which was filed by MHMR, the School, and the individual defendants other than Harris.[1] These defendants bring this interlocutory appeal from the court's denial of their plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2000).

## BACKGROUND

According to Pearce's petition, Harris entered Robert's bedroom on January 18, 1997 and hung his coat on a hook on the door.[2] He left a bottle of prescription medicine in his coat pocket. Robert found the bottle and ingested between seventy and ninety pills. He died the next day as a result of ingesting the medication.

Pearce filed suit in April 1998. She named as defendants MHMR, the School, Harris, Harris's immediate supervisor Evelyn Thomas, and the School's superintendent William Lowry. The Attorney General filed an answer on behalf of all the defendants except Harris. These defendants (collectively, "Appellants") generally denied the allegations of Pearce's suit and specifically pleaded sovereign and official immunity as affirmative defenses. Harris filed a general denial.

After the parties conducted some discovery, Appellants filed a "Plea to the Jurisdiction and Motion to Dismiss." In this pleading, MHMR and the School assert that the Tort Claims Act does not waive their immunity from suit because Robert's death was not caused by Harris's "use of tangible personal or real property." *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021(2), 101.025(a) (Vernon 1997). In the prayer, Lowry and Thomas request dismissal of Pearce's claims against them under section 101.106 of the Tort Claims Act. *Id.* § 101.106 (Vernon 1997). After hearing, the court denied the plea to the jurisdiction/motion to dismiss.

## PROPRIETY OF APPELLANTS' PLEA TO THE JURISDICTION

Pearce argues that a plea to the jurisdiction is not the proper vehicle by which a

---

1. Harris is not a party to this appeal. According to summary judgment evidence in the record, the School terminated Harris's employment on February 18, 1997 because of "neglect."

2. Pearce's petition actually states eight different "use," "misuse," or "lack-of-use" allegations. However, the parties focused solely on Harris's alleged use of the door hook in their appellate briefs and at oral argument. Accordingly, we limit our discussion to Harris's alleged use of the door hook.

governmental entity raises a claim of sovereign immunity. She relies on a 1996 decision of this Court and a more recent decision from the Corpus Christi Court to support this claim. *See Smith v. State,* 923 S.W.2d 244 (Tex.App.—Waco 1996, writ denied) (per curiam); *see also Texas Dep't of Transp. v. Jones,* 983 S.W.2d 90 (Tex.App.—Corpus Christi 1998), *rev'd,* 8 S.W.3d 636 (Tex.1999) (per curiam).

In *Smith,* we held that "sovereign immunity may not be asserted as a jurisdictional obstacle to the trial court's power to hear cases against governmental defendants." *Smith,* 923 S.W.2d at 245 (quoting *Davis v. City of San Antonio,* 752 S.W.2d 518, 520 (Tex.1988)). For this reason, we reversed the court's granting of a plea to the jurisdiction premised in part on a claim of sovereign immunity. *Id.* at 246. The Corpus Christi Court agreed with us in *Jones* and affirmed an order denying a plea to the jurisdiction premised entirely on sovereign immunity. *Jones,* 983 S.W.2d at 91–92.

▪ Recently however, the Supreme Court reversed *Jones* and expressly disapproved of *Smith. Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 639 (Tex.1999) (per curiam). The Court held "that immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction." *Id.* Accordingly, we conclude that MHMR and the School properly asserted their claim of immunity from suit in their plea to the jurisdiction.

▪ By contrast however, a party may not assert immunity from *liability* by a plea to the jurisdiction because such immunity "does not affect a court's jurisdiction to hear a case." *Id.* at 638. Lowry and Thomas assert immunity on the basis of section 101.106 of the Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106. Section 101.106 provides:

3. Actually, they assert their immunity in the plea to the jurisdiction by asking the trial court to dismiss Pearce's claims under section

A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

*Id.* The Supreme Court has determined that this provision makes governmental employees "immune from liability" when a plaintiff's claims against the governmental unit by which they are employed are barred by immunity. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343–44 (Tex.1998).

▪ Lowry and Thomas improperly asserted their claims of immunity from liability by way of a plea to the jurisdiction[3] because such immunity "does not affect a court's jurisdiction to hear a case." *Jones,* 8 S.W.3d at 638. Accordingly, we will affirm the order denying the plea to the jurisdiction as to Lowry and Thomas.

### DEATH CAUSED BY USE OF TANGIBLE PERSONAL PROPERTY

▪ MHMR and the School present a single issue on appeal questioning whether their immunity from suit has been waived by Harris's alleged conduct. "[S]overeign immunity, unless waived, protects the State of Texas, its agencies and its officials from lawsuits for damages." *Federal Sign v. Texas So. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). Immunity from suit precludes a suit against the State unless the State consents by statute or legislative resolution. *Id.*

▪ The legislature has waived the State's immunity from suit in cases in which liability exists under the terms of the Tort Claims Act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.025(a). Pearce relies solely on section 101.021(2) of that act to establish the liability of MHMR and the School in this case. *Id.* § 101.021(2). If

101.106. However, both sides on appeal treat this assertion as part and parcel of the plea to the jurisdiction. Accordingly, we do likewise.

MHMR and the School are liable under this statute, then section 101.025(a) constitutes a legislative waiver of their immunity from suit.

When considering a jurisdictional challenge, we look only to the factual allegations of the plaintiff's petition. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996); *WISD Taxpayers Ass'n v. Waco Indep. Sch. Dist.,* 912 S.W.2d 392, 394 (Tex.App.—Waco 1995, no writ). A plaintiff bears the burden of alleging facts which affirmatively demonstrate that the trial court has jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *City of El Campo v. Rubio,* 980 S.W.2d 943, 945 (Tex.App.—Corpus Christi 1998, pet. dism'd w.o.j.). Because MHMR and the School do not claim that Pearce's allegations are fraudulent, we must take them as true. *See Continental Coffee Prods.,* 937 S.W.2d at 449; *City of Saginaw v. Carter,* 996 S.W.2d 1, 3 (Tex. App.—Fort Worth 1999, pet. filed).

To establish liability under the Tort Claims Act, Pearce must show that Robert's death was caused by Harris's use of tangible personal or real property. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(2). The Supreme Court has construed this provision to require that the "death must be proximately caused by the condition or use of tangible property." *Bossley,* 968 S.W.2d at 343. To be a proximate cause, a government employee's use of property must be "a substantial factor in bringing about the injury." *San Antonio State Hosp. v. Koehler,* 981 S.W.2d 32, 35 (Tex.App.—San Antonio 1998, pet. denied); *City of Waco v. Hester,* 805 S.W.2d 807, 814 (Tex.App.—Waco 1990, writ denied). "Property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Bossley,* 968 S.W.2d at 343 (citing *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 775 (Tex. 1995)).

In *Bossley,* the plaintiffs'·son Roger was committed to a Dallas County MHMR facility after a failed suicide attempt. He surprised an MHMR technician unlocking an exterior door to go to lunch, "pushed her aside, and fled." *Id.* at 340–41. He went to an interstate about one-half mile from the MHMR facility and attempted to hitchhike a ride. As MHMR personnel and police approached him on the roadside, "he leaped into the path of a truck and was killed." *Id.* at 341.

The plaintiffs alleged both a use of property—the technician's unlocking of the outer door—and a condition of property—an unlocked inner door—as causative events which waived Dallas County MHMR's immunity. *Id.* at 343. The Court examined the geographic, temporal, and causal proximity of the use and condition alleged and determined that they "were too attenuated from Roger's death, to be said to have caused it." *Id.* The Court concluded:

> The real substance of plaintiffs' complaint is that Roger's death was caused, not by the condition or use of property, but by the failure of Hillside's staff to restrain him once they learned he was still suicidal. The Tort Claims Act does not waive Dallas County MHMR's immunity from such a complaint.

*Id.*

In Pearce's case, the hook on her son's bedroom door is similar to the unlocked door in *Bossley* in terms of its causal relationship to her son's death. The substance of Pearce's complaint is that Harris left his medicine in Robert's bedroom. Because the same result would likely have occurred regardless of where in the room Harris left his coat (*e.g.,* on a dresser, on a chair, or even on Robert's bed), the hook did nothing more than furnish the condition which made the injury possible. *See id.; Koehler,* 981 S.W.2d at 36. Accordingly, Harris's use of the hook cannot be said to have proximately caused Robert's death. *Id.*

Pearce's petition does not allege facts which show that Robert's death was proxi-

mately caused by Harris's use of the hook. Thus, she has failed to demonstrate a waiver of MHMR's and the School's immunity from suit under the Tort Claims Act. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446; *Rubio*, 980 S.W.2d at 945. Accordingly, we sustain the sole issue presented by MHMR and the School.

### CONCLUSION

Lowry and Thomas improperly asserted their claim of immunity from *liability* in a plea to the jurisdiction. To the contrary however, MHMR and the School properly asserted their immunity from *suit* in the plea to the jurisdiction. Pearce's petition fails to allege facts which demonstrate that Robert's death was proximately caused by Harris's use of any tangible real or personal property. Thus, her pleadings fail to affirmatively demonstrate a waiver of MHMR's and the School's immunity from suit under the Tort Claims Act.

For these reasons, we affirm the order denying the plea to the jurisdiction as to Lowry and Thomas. We reverse the order and render judgment that the plea to the jurisdiction is granted as to MHMR and the School.