**Ignacio AGUIRRE, Individually and as Sole Heir and Legal Representative of the Estate of Kristi Aguirre, Appellant,**

v.

**CITY OF SAN ANTONIO and William Daskalos, Appellees.**

No. 04–00–00273–CV.

Court of Appeals of Texas, San Antonio.

April 4, 2001.

Rehearing Overruled May 7, 2001.

Michael M. Fulton, Law Offices of Michael M. Fulton, San Antonio, for appellant.

Elsa Giron Nava, Assistant City Attorney, San Antonio, for appellees.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

Ignacio Aguirre appeals the trial court's order granting the City of San Antonio's and William Daskalos' pleas to the jurisdiction. We affirm as to the City of San Antonio and reverse and remand as to Daskalos.

### STANDARD OF REVIEW

■ We review the trial court's determination of subject matter jurisdiction, including its construction of pertinent statutes, de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Mitchell Energy Corp. v. Ashworth*, 943 S.W.2d 436, 437 (Tex.1997).

### FACTUAL AND PROCEDURAL BACKGROUND

In his Sixth Amended Original Petition, Aguirre alleges his mother, Kristi Aguirre, was killed when a VIA bus struck her while she was crossing a street. Aguirre further alleged:

> Plaintiff would show that Officer W. Daskalos of the San Antonio Police Department (badge # 0221) used his whistle and arm movements to signal [the] VIA bus ... through a red light at said intersection at a time when Kristi Aguirre was already in the cross walk proceeding across Bowie Street and in the path of the VIA bus.

In response, the City of San Antonio and Daskalos filed a plea to the jurisdiction contending Aguirre had not alleged a use of tangible personal property sufficient to establish a waiver of sovereign immunity under section 101.021(2) of the Texas Tort Claims Act. In addition they contended Daskalos is immune from liability pursuant to section 101.106 of the Act. The trial court granted the plea.

### DISCUSSION

■ Aguirre contends Daskalos' use of the whistle was a use of tangible personal property sufficient to establish a waiver. We disagree.

■ "A governmental unit in the state is liable for ... death so caused by a ... use of tangible personal ... property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). "Section 101.021(2) requires that for immunity to be waived, personal injury or death must be proximately caused by the condition or use of tangible property." *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). "The requirement of causation is more than mere involvement, although exactly how much more has been difficult for the courts to define." *Id.*

Aguirre alleges Daskalos' use of tangible personal property—a whistle—to signal the VIA bus into the crosswalk in which Kristi Aguirre was standing caused her death. However, it was not the whistle but Daskalos' arm movements that signaled the VIA bus to turn; the same result would have obtained without the whistle. Accordingly, because Daskalos' use of the whistle was not a proximate cause of the accident, Aguirre failed to establish a waiver of the City's sovereign immunity. *E.g.,*

*Bossley,* 968 S.W.2d at 343. We therefore affirm the trial court's judgment dismissing Aguirre's claims against the City of San Antonio. But we reverse the judgment in favor of Daskalos. Unlike the City, he is not entitled to assert his immunity in a plea to the jurisdiction. *See Texas Dep't of Mental Health & Mental Retardation v. Pearce,* 16 S.W.3d 456, 459 (Tex.App.–Waco 2000, pet. dism'd w.o.j.). We thus remand Aguirre's claims against Daskalos to the trial court for further proceedings.

Concurring and dissenting opinion by CATHERINE STONE, Justice.

CATHERINE STONE, Justice, concurring and dissenting.

Because I believe the record establishes that Ignacio Aguirre's claim is based upon a use of tangible personal property such that immunity has been waived under section 101.021(2) of the Texas Tort Claims Act, I respectfully dissent from the majority's conclusion that Aguirre has failed to establish jurisdiction as to the City of San Antonio. I concur with the majority decision reversing and remanding as to Officer Daskalos.

Aguirre plead that Officer Daskalos' combined use of a whistle and hand movements directed the VIA bus into the crosswalk where Kristi Aguirre was located. The majority concludes that "it was not the whistle but Daskalos' arm movements that signaled the VIA bus to turn; the same result would have obtained without the whistle." Op. at 248. On the record before us, we do not know this to be true.