William Lowry and Evelyn Thomas v. Joy Pearce












 



IN THE
TENTH COURT OF APPEALS
 

No. 10-01-231-CV

     WILLIAM LOWRY
     AND EVELYN THOMAS,
                                                                         Appellants
     v.

     JOY PEARCE,
                                                                         Appellee
 

From the 87th District Court
Limestone County, Texas
Trial Court # 25,218-A
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

     William Lowry and Evelyn Thomas appeal the partial denial of their motion for summary
judgment in a wrongful death action brought by Joy Pearce. In one point of error, Lowry and
Thomas contend that they are entitled to governmental employee immunity pursuant to the Texas
Tort Claims Act and that the court erred when it did not grant their motion for summary judgment
in its entirety. We will reverse the trial court’s partial denial of summary judgment and grant
Lowry and Thomas’s motion for summary judgment on all claims brought by Pearce.
BACKGROUND
      Following the death of her son, Robert Paul Johnson, who had been a long-time resident of
the Mexia State School, Pearce brought a wrongful death action against the school, its
superintendent William Lowry, employee Evelyn Thomas, former employee Sheldon Harris and
Texas Department of Mental Health and Mental Retardation, which operated the school. 
According to Pearce’s petition, her son died from the ingestion of medication prescribed for
Harris. Robert allegedly removed the medication from the pocket of Harris’s coat after Harris left
it on a hook on Robert’s bedroom door. The petition claimed that Harris was negligent in leaving
the pills where Robert had access to them and that Lowry and Thomas “negligently supervised the
conduct of Harris in allowing him to have his prescription drugs around the patients, even after
having previously warned Harris of such actions.” The petition further asserted that the school
and MHMR were liable for the conduct of Lowry and Thomas.
      All of the defendants except Harris (who was no longer employed by the school) filed a plea
to the jurisdiction and motion to dismiss. The school and MHMR premised their plea on
sovereign immunity and immunity from suit and liability under the Texas Tort Claims Act. The
plea of Lowry and Thomas asserted immunity pursuant to Section 101.106 of the Texas Tort
Claims Act. After a hearing, the trial court denied the plea to the jurisdiction/motion to dismiss.
      On March 29, 2000, this court found that Pearce’s pleadings failed to affirmatively
demonstrate a waiver of the governmental entities’ immunity from suit under the Tort Claims Act. 
We reversed the trial court’s order and rendered judgment granting the plea to the jurisdiction as
to the school and MHMR. Texas Dep’t of Mental Health & Mental Retardation v. Pearce, 16
S.W.3d 456 (Tex. App.—Waco 2000, pet. dism’d w.o.j.). Without addressing the merits of their
Section 101.106 claims, we further concluded that Lowry and Thomas improperly raised their
claims of immunity by way of plea to the jurisdiction. For that reason, we affirmed the order
denying the plea to the jurisdiction as to Lowry and Thomas. Id.
      Approximately three months later, Pearce amended her petition to add violation of the
Patient’s Bill of Rights as a direct and proximate cause of Robert’s death. Again, Pearce alleged
that Lowry and Thomas “negligently supervised the conduct of Defendant Harris in allowing him
to have his prescription drugs around the patients, even after having previously warned Harris of
such actions.” The petition also reiterated: “The occurrence described in this petition is a direct
and proximate result of the negligence of the Texas Department of Mental Health and Mental
Retardation and the Mexia State School. . .”
      Lowry and Thomas subsequently filed their Motion for Summary Judgment, with evidence
attached, based on governmental employee immunity provided by Section 101.106 of the Texas
Tort Claims Act. The trial court considered the motion and evidence as well as Pearce’s response,
which included no evidence. The order entered by the court granted the motion for all claims
brought pursuant to the Texas Tort Claims Act and denied the motion as it relates to the Patient’s
Bill of Rights.
SUMMARY JUDGMENT
      The standard of review for a summary judgment is well established: (i) the movant for
summary judgment has the burden of showing there is no genuine issue of material fact and is
entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the non-movant will be
taken as true; and (iii) every reasonable inference must be indulged in favor of the non-movant and
any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Larsen v. Carlene Langford & Assocs., 41 S.W.3d 245, 248-49 (Tex.
App.—Waco 2001, pet. denied). The function of summary judgment is not to deprive litigants
of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. 
Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex. 1952).
      For a defendant to prevail on summary judgment, it must show there is no genuine issue of
material fact concerning one or more essential elements of the plaintiff's cause of action or
establish each element of an affirmative defense as a matter of law. Black v. Victoria Lloyds Ins.
Co., 797 S.W.2d 20, 27 (Tex. 1990); Larsen, 41 S.W.3d at 249. When necessary to establish a
fact issue, the non-movant must present summary judgment evidence. Westland Oil Dev. Corp.
v. Gulf Oil Corp., 637 S.W.2d 903, 907 (Tex. 1982); Ethridge v. Hamilton County Elec. Coop.
Ass’n, 995 S.W.2d 292, 294 (Tex. App.—Waco 1999, no pet.).
GOVERNMENTAL EMPLOYEE IMMUNITY
      Lowry and Thomas moved for summary judgment under Section 101.106 of the Texas Tort
Claims Act, which provides governmental employee immunity as follows:
A judgment in an action or settlement of a claim under this chapter bars any action
involving the same subject matter by the claimant against the employee of the
governmental unit whose act or omission gave rise to the claim.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 1997).
      The Texas Supreme Court has held that the immunity conveyed to a governmental unit’s
employees by Section 101.106 is triggered by any judgment in a Texas Tort Claim suit against a
governmental unit. Newman v. Oberstellar, 960 S.W.2d 621, 622-23 (Tex. 1997). The cause of
action against the employee need not arise under the Tort Claims Act: “If the Legislature had
intended for a judgment in a Tort Claims Act case to bar only actions against the employee based
on the same cause of action, it would have written the statute to so provide.” White v. Annis, 864
S.W.2d 229, 232 (Tex. App.—Houston [14th Dist.] 1996, no writ). “Same subject matter” in
Section 101.106 means “arising out of the same actions, transactions, or occurrences.” Dallas
County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 344 (Tex. 1998). Thus,
Section 101.106 unequivocally grants immunity for all employees whose acts or omissions gave
rise to the claim against the governmental unit when the allegations against the employees are
based on the same occurrence as addressed in the judgment for or against the governmental unit. 
Id. at 343-44; Newman, 960 S.W.2d at 622-23.
APPLICATION
      Lowry and Thomas contend that they established their entitlement to Section 101.106
immunity. We agree.
      The record reveals that Lowry and Thomas presented the following summary judgment
evidence to the trial court:
(1)  There was a prior judgment rendered by this court involving Pearce’s Texas Tort Claims Act
allegations against the school and MHMR (the “governmental unit”);
 
(2)  Pearce’s claims against Lowry and Thomas arose out of Robert’s death and the surrounding
events, as did her allegations against the school and MHMR (“the same subject matter”); and
 
(3)  Lowry and Thomas are the employees whose alleged acts or omissions gave rise to Pearce’s
claims that resulted in the judgment in favor of the school and MHMR.

We find that Lowry and Thomas established each element of their affirmative defense of
immunity. Because the cause of action against Lowry and Thomas is not required to arise under
the Tort Claims Act, the applicability or viability of Pearce’s claims under the Patient’s Bill of
Rights is not relevant.


 Annis, 864 S.W.2d at 232.
CONCLUSION
      We thus conclude that under Section 101.106, both Lowry and Thomas are immune from
liability to Pearce. For this reason, we reverse the portion of the trial court’s judgment denying
the motion for summary judgment with respect to Pearce’s claims under the Patient’s Bill of Rights
and render judgment in favor of Lowry and Thomas. We hold that Pearce takes nothing from
Lowry and Thomas.