IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00293-CV

 

Gerri E. Savala,

                                                                                    Appellant

 v.

 

Charter Drywall, Dallas, Inc.,

                                                                                    Appellee

 

 

 



From the County Court
at Law

Ellis County, Texas

Trial Court No. 10-C-3211

 



MEMORANDUM  Opinion



 

The Clerk of this Court notified the
parties in a March 29, 2011 letter that the appellant’s brief was overdue in
this cause and that the appeal may be dismissed if a response showing grounds
for continuing the appeal was not filed within twenty-one days.

Appellant, who is pro se, has filed a
response stating that she is not able to continue this appeal at this time.

Accordingly, the appeal is dismissed for
want of prosecution.  See Tex.
R. App. P. 38.8(a)(1), 42.3(b).

 

 

REX D. DAVIS

Justice

 

Before Chief
Justice Gray,

            Justice
Davis, and 

Justice
Scoggins

(Chief Justice Gray dissents.  A
separate opinion will not issue.  Appellant’s response indicates she is
presently under a doctor’s care for a condition that prevents her from acting
as her own attorney to prosecute her appeal at this time.  Chief Justice Gray
would abate the appeal for a period of 60 days to allow the appellant time to
recover or to engage counsel to represent her.  While Chief Justice Gray agrees
that we cannot abate this proceeding indefinitely, he does not believe a delay
of 60 days, under the circumstances, is unreasonable.)

Dismissed

Opinion
delivered and filed May 11, 2011

[CV06]








 

 






/span>
O P I N I O N
                                                                                                                

      Deborah Taylor filed a wrongful death and survival action against the Wichita Falls State
Hospital and a doctor employed by the Hospital after her husband committed suicide following his
discharge from the Hospital. Taylor contends that the Hospital discharged her husband in a
manner contrary to the “patient’s bill of rights” adopted by the Department of Mental Health and
Mental Retardation (“MHMR”) under chapter 321 of the Health and Safety Code. The Hospital
filed a plea to the jurisdiction asserting that it is immune from suit because Taylor’s petition does
not state a claim under the Texas Tort Claims Act and because chapter 321 of the Health and
Safety Code does not constitute a legislative waiver of immunity from suit. The court denied the
plea to the jurisdiction.
      In this interlocutory appeal, the Hospital claims in a single issue that section 321.003 of the
Health and Safety Code is not a legislative waiver of immunity from suit because the statute does
not expressly waive immunity from suit and because such a waiver would be void as an
impermissible delegation of legislative authority to the executive branch.
      In 1993, the Legislature enacted chapter 321 of the Health and Safety Code. See Act of May
25, 1993, 73d Leg, R.S., ch. 705, § 1.01, 1993 Tex. Gen. Laws 2743, 2743-45 (codified at Tex.
Health & Safety Code Ann. §§ 321.001-.004 (Vernon Supp. 2001)). Section 321.002 directs
MHMR to adopt a “patient’s bill of rights” for any patient receiving voluntary or involuntary
inpatient “mental health, chemical dependency, or comprehensive medical rehabilitation
services.”


 Tex. Health & Safety Code Ann. § 321.002(a). Section 321.003 provides that any
person harmed by a violation of the “patient’s bill of rights” adopted by MHMR “may sue for
injunctive relief, damages, or both,” and that a “mental health facility . . . is liable to a person
receiving care or treatment in or from the facility who is harmed as a result of the violation.” Id.
§ 321.003(a), (b).
      Section 321.001(4) states that the term “[m]ental health facility has the meaning assigned by
Section 571.003.” Id. § 321.001(4). According to that statute, a “mental health facility” is:
      •    an inpatient or outpatient mental health facility operated by MHMR, a federal agency,
a political subdivision, or any person;
 
      •    a community center or a facility operated by a community center; or
 
      •    that identifiable part of a general hospital in which diagnosis, treatment, and care for
persons with mental illness is provided.

Id. § 571.003(12) (Vernon Supp. 2001).
      Sovereign immunity has two components: immunity from suit and immunity from liability. 
See Federal Sign v. Texas So. Univ., 951 S.W.2d 401, 405 (Tex. 1997). Immunity from suit
protects government entities and officials from suit. See Texas Dep’t of Transp. v. Jones. 8
S.W.3d 636, 638 (Tex. 1999). Immunity from liability protects government agencies and officials
from judgment even if immunity from suit has been waived. Id.; Federal Sign, 951 S.W.2d at
405. Immunity from suit can be waived only by statute or legislative resolution. See Federal
Sign, 951 S.W.2d at 405. Only immunity from suit can be raised in a plea to the jurisdiction. See
Jones, 8 S.W.3d at 638-39; Texas Dep’t of Mental Health & Mental Retardation v. Pearce, 16
S.W.3d 456, 459 (Tex. App.—Waco 2000, pet. dism’d w.o.j.).
      Two courts in Texas have addressed the issue presented. The Fort Worth Court of Appeals
has concluded that section 321.003 does not constitute a legislative waiver of immunity from suit. 
See Texas Dep’t of Mental Health & Mental Retardation v. Lee, 38 S.W.3d 862, 871 (Tex.
App.—Fort Worth 2001, pet. filed) (op. on reh’g).


 According to Lee:
the mere incorporation in section 321.001 of another statute that defines treatment facility
and mental health facility to include public facilities does not, without more, manifest a
clear legislative intent to the contrary to waive immunity. While the statute evidences the
legislature’s intent to authorize actions for violations of the patient’s bill of rights against
private facilities licensed by state health care regulatory agencies, the statute does not,
as it might, clearly express an intent to waive immunity by authorizing such actions
against governmental entities.

Lee, 38 S.W.3d at 870-71 (footnotes omitted).
      More recently, the Austin Court of Appeals has reached the opposite conclusion. See Central
Counties Ctr. for Mental Health & Mental Retardation Servs. v. Rodriguez, No. 03-00-369-CV,
slip op. at 5, 2001 Tex. App. LEXIS 1993, at *7 (Tex. App.—Austin Mar. 29, 2001, no pet. h.). 
The Austin Court construed the pertinent statutes in the following manner:
Giving these Code provisions their plain and ordinary meaning, we construe them in a
straightforward manner to mean what they say—that a person harmed by a violation of
the patient’s bill of rights while under the care of a mental health facility may sue that
facility for damages and other relief. Because the Center and the Hospital are mental
health facilities as defined in section 571.003, the legislature has consented in section
321.003(b) to their being sued for alleged violations of section 321.003(a). Any other
interpretation would render the statute’s language meaningless and of no effect.

Id.
      We will follow Rodriguez. Thus, for the reasons stated by the Austin Court of Appeals, we
hold that section 321.003 constitutes a clear and unambiguous legislative waiver of immunity from
suit.
      The Hospital also contends that section 321.003 is an unconstitutional delegation of legislative
authority to MHMR, an executive agency. However, section 321.003 does not delegate any
responsibilities to MHMR. See Tex. Health & Safety Code Ann. § 321.003. Instead, it
appears that the Hospital’s delegation argument challenges section 321.002 which directs MHMR
to promulgate a “patient’s bill of rights.” Id. § 321.002(a). Section 321.002 is the statutory basis
for the administratively promulgated “bill of rights” under which MHMR’s liability would be
decided. 
      The constitutionality of section 321.002 has no bearing on the trial court’s jurisdiction to
entertain Taylor’s suit. Thus, it is not the proper subject of a plea to the jurisdiction. See Jones,
8 S.W.3d at 638-39; Pearce, 16 S.W.3d at 459.
      For the foregoing reasons, we affirm the order denying the Hospital’s plea to the jurisdiction.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis
      Justice Vance and
      Justice Gray
      (Justice Gray dissenting)
Affirmed
Opinion delivered and filed May 16, 2001
Publish