COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| THE CITY OF SAN ANTONIO and SAN ANTONIO WATER SYSTEM, | § | No. 08-23-00302-CV |
| Appellants, | § | Appeal from the |
| v. | § | 225th Judicial District Court |
| ALVIN BAILEY, | § | of Bexar County, Texas |
| Appellee. | § | |
| | § | (TC# 2019CI11152) |

## MEMORANDUM OPINION[1]

In this interlocutory appeal, Appellants the City of San Antonio (the City) and the San Antonio Water System (SAWS) challenge the trial court's denial of their joint plea to the jurisdiction. Appellants moved to dismiss Appellee Alvin Bailey's personal injury suit against them based on their invocation of governmental immunity. We reverse the trial court's order and render judgment granting the plea to the jurisdiction.

## I. BACKGROUND

On October 5, 2018, Bailey was injured while riding his bicycle on a paved bike-trail located near the Brackenridge Golf Course. Bailey sued the City, SAWS, and the San Antonio

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

Municipal Golf Association (MGA). Bailey alleged that while riding his bike near the intersection of Mill Road and Avenue B, he "hit a yellow rope that had been placed across the bike trail." He also alleged that water from a nearby pipe had leaked across the trail and that a light on the trail had burned out.

His suit asserted distinct causes of action. First, against MGA and SAWS, he initially alleged they committed ordinary negligence. He described that MGA and SAWS were responsible for the maintenance and upkeep of the water pipe that leaked water on the trail. As for MGA, he claimed it breached its duty when it knew that persons would be using the bike trail and it placed or allowed placement of the yellow rope across the trail. Second, as for the City, Bailey asserted the same claims but he framed his cause of action as one of premises liability. He alleged the City knew, or in the exercise of ordinary care, should have known that water had leaked onto the trail, that a yellow rope had been placed across the trail, and that a light on the trail was not working. Bailey contended the City made no effort to either alleviate these dangers or warn invitees and users of the trail about them. Finally, as to all defendants, Bailey alleged his injuries were the result of ongoing negligent activities on the premises.

The City and SAWS filed a joint plea to the jurisdiction contending that Bailey had not, and could not, affirmatively demonstrate the court's jurisdiction to hear any of his claims against either defendant. SAWS and the City urged that Bailey had not alleged, nor could he otherwise demonstrate, a waiver of immunity by either entity based on the Texas Tort Claims Act (TTCA) or any other statute. SAWS argued that Bailey's negligence claim brought against it was not cognizable under the TTCA. The City contended that, under the Recreational Use Statute, it retained immunity from premises defect claims based on ordinary negligence, even when the TTCA would otherwise waive the City's immunity.

2

In response, Bailey raised two challenge. First, he asserted his ordinary negligence claim against SAWS fell outside immunity protections because SAWS exercised a proprietary function, not a governmental function, when maintaining the water pipe at issue. Second, Bailey asserted in the alternative that SAWS's governmental immunity was waived for injuries arising from a condition or use of tangible, personal property (which he identified as the yellow rope). As for the City, however, Bailey's response notably failed to substantively address its plea to the jurisdiction. To his response, Bailey attached a copy of the SAWS website, excerpts from several depositions, and a docket control order.

By its written order, and without stating grounds, the trial court denied the plea to the jurisdiction as to both SAWS and the City. SAWS and the City both filed appeals.[2] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (authorizing a party to appeal an interlocutory order granting or denying a plea to the jurisdiction filed by a governmental unit).

## II. STANDARD OF REVIEW

SAWS[3] is a governmental entity owned by the City of San Antonio. *See San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 135 (Tex. 2015). As a governmental entity, both SAWS and the City are generally immune from suit. *See id*. (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). Under the TTCA, a governmental unit's immunity from suit is treated the same as that of the State. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a). For injuries or damages resulting from the City's performance of a governmental function, the TTCA waives immunity from suit for those specific cases in which liability

---

[2] Only SAWS and the City filed the joint plea to the jurisdiction that is the subject of this appeal. Although MGA is also a defendant in the trial court proceeding, it is not a party to this appeal.

[3] "SAWS is a governmental entity owned by the City of San Antonio that provides water and wastewater services in Bexar and neighboring counties." *Water Sys. v. Nicholas*, 461 S.W.3d 131, 135 (Tex. 2015).

potentially exists under the terms of the Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a); *Tex. Dep't of Mental Health & Mental Retardation v. Pearce*, 16 S.W.3d 456, 459 (Tex. App.—Waco 2000). Therefore, when the sole issue is whether immunity has been waived under the TTCA, both immunity from suit and liability are intertwined and they may be presented in a plea to the jurisdiction.

Whether a court has subject matter jurisdiction is a question of law, which is properly asserted in a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26. We review de novo the trial court's ruling on a plea to the jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012). A plea to the jurisdiction challenges a trial court's authority to decide the subject-matter of a specific cause of action. *See Miranda*, 133 S.W.3d at 225–26. The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction to hear the cause. *Id.* Mere unsupported legal conclusions are insufficient. *See Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Envtl. Quality*, 307 S.W.3d 505, 525 (Tex. App.—Austin 2010, no pet.).

In considering a plea to the jurisdiction, a court may not weigh the merits but must consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). On appeal, we may consider the pleadings, assertions of fact, and any evidence submitted which is relevant to the jurisdictional issue. *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). We construe a plaintiff's pleadings liberally. *Texas Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002). We must construe pleadings in favor of jurisdiction unless the petition, on its face, affirmatively demonstrates a lack of jurisdiction. *Arnold v. Univ. of Tex. Sw. Med. Ctr. at Dallas*, 279 S.W.3d 464, 467 (Tex. App.—Dallas 2009). Finally, we take as true all evidence favorable to the

nonmovant, indulging every reasonably inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228.

## III. LIMITED WAIVER OF IMMUNITY

Appellants raise two issues asserting the trial court erred in denying their joint plea to the jurisdiction. First, Appellants argue SAWS was acting within its governmental function of providing "water and sewer services," and Bailey failed to allege a valid waiver of immunity under the TTCA. Second, Appellants argue Bailey failed to allege, or establish with evidence, an act of gross negligence as required to establish a waiver of immunity under the Recreational Use Statute. Because our analysis requires us to determine the nature of Bailey's claims, and whether his allegations established a waiver of immunity, we address Appellants' issues together by addressing each claim in turn.

### A. Governmental or proprietary function

As a preliminary matter, we first address Bailey's argument that the TTCA is not applicable to his ordinary negligence claims against SAWS. Bailey contends that SAWS was operating in a propriety capacity, and therefore, it was not entitled to assert immunity from suit.

Generally, "[m]unicipal corporations exercise their broad powers through two different roles; proprietary and governmental." *Wasson Ints., Ltd. v. City of Jacksonville*, 559 S.W.3d 142, 146 (Tex. 2018). This dichotomy recognizes that "immunity protects a governmental unit from suits based on its performance of a governmental function but not a proprietary function." *Id*. Proprietary functions subject municipal corporations "to the same duties and liabilities as those incurred by private persons and corporations." *Id*. Whether a municipality enjoys immunity from suit depends on "the relationship, or lack thereof, between the municipality and the state, not the relationship between the municipality and the party bringing suit." *Id*. As noted by the Texas

5

Supreme Court, difficulties may arise in determining which functions are proprietary and which are governmental as it "is not always a cut-and-dried task." *Id*. at 147.

Governmental functions are enjoined on a municipality by law, given to it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public. *Wasson*, 559 S.W.3d at 147. Whereas proprietary functions are those which a municipality may, in its discretion, perform in the interest of its inhabitants. *Id*. The Texas Constitution authorizes the Legislature to "define for all purposes those functions of a municipality that are to be considered governmental and those that are proprietary, including reclassifying a function's classification assigned under prior statute or common law." Tex. Const. art. XI, § 13. "Exercising that authority, the Legislature has defined and enumerated governmental and proprietary functions for the purposes of determining whether immunity applies to tort claims against a municipality." *Wasson*, 559 S.W.3d at 147; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(1), (33) (enumerating 36 governmental functions ranging from "police and fire protection and control" to "animal control"). Under the TTCA, a municipality performing a governmental function is afforded immunity from suit unless immunity has been waived. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.009. Conversely, the TTCA provides a non-exclusive list of proprietary functions, such as "the operation and maintenance of a public utility"; "amusements owned and operated by the municipality"; and "any activity that is abnormally dangerous or ultrahazardous." *Id*. § 101.0215(b). The TTCA does not protect a governmental entity from liability arising from its conduct in performing a proprietary function. *See City of San Antonio v. Butler*, 131 S.W.3d 170, 177 (Tex. App.—San Antonio 2004).

In the trial court, Bailey argued his claims against SAWS fell outside the scope of the TTCA because SAWS's website declares that: "SAWS is a public utility owned by the City of San

6

Antonio." He attached to his response to the plea to the jurisdiction an excerpt of the website as one of its exhibits. Indeed, the TTCA does provide that "the operation and maintenance of a public utility" is a "proprietary function." Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(b)(1). But another provision of the TTCA also comes into play. Under the list of enumerated provisions, the TTCA provides that "water and sewer service" is a "governmental function." *Id.* § 101.0215(a)(32). Where the provisions conflict, the legislature also provided a tie-breaker by stating, "[t]he proprietary functions of a municipality do not include those governmental activities listed under [101.0215(a)]." *Id.* § 101.0215(c). "If a function is included in the nonexclusive list of governmental functions, it has been deemed governmental in nature by the legislature and we have no discretion or authority to hold otherwise." *Rogers v. City of Houston*, 627 S.W.3d 777, 795 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(c)

Here, Bailey alleged that SAWS was negligent in its maintenance and upkeep of a water pipe near the bike trail on which he rode his bike. Because of that negligence, he alleged that SAWS allowed water from a pipe to leak onto the trail. These claims plainly arise from SAWS's governmental function of providing water and sewer services to the public. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.0215(a)(32). Accordingly, SAWS is entitled to immunity and the trial court would err in denying its plea to the jurisdiction simply because it performed those functions as a public utility. *See City of San Antonio v. BSR Water Co.*, 190 S.W.3d 747, 754 (Tex. App.—San Antonio 2005), *vacated pursuant to settlemen*t, No. 04-05-00495-CV, 2006 WL 542813 (Tex. App.—San Antonio Mar. 8, 2006, no pet.); *Butler*, 131 S.W.3d at 178. Our jurisdictional inquiry, however, does not end without further considerations.

7

**B. Waiver under the TTCA**

Having concluded that immunity applies to SAWS's performance of a governmental function, we must next determine whether Bailey nonetheless established that either Appellant or both committed an act for which the TTCA's waiver of immunity applies. In Bailey's live pleading, his factual allegations stated he "hit a yellow rope" and "fell from his bike, suffering serious and permanent injuries." He alleged ordinary negligence claims solely against SAWS and premises liability claims solely against the City. Bailey alleged that SAWS was responsible for the water leaking onto the bike trail, that it was responsible for the maintenance and upkeep of the water pipe, and that it breached its duty to him "by allowing water to leak across the trail." As to the City, Bailey alleged a premises liability claim asserting it: (1) failed to maintain a reasonably safe bike trail and failed to maintain water pipes and trail lights; (2) created a dangerous condition by placing and/or allowing the yellow rope to be placed across the bike trail, allowing water to leak across the trail, and not repairing a light that remained out on the trail; (3) failed to inspect the bike trail in order to discover the dangerous conditions; (4) failed to correct the dangerous conditions that were created by the water, the yellow rope, and the light; and (5) failed to warn invitees/users of the bike trail that dangerous conditions existed.

**(1) Applicable law**

To sue a governmental unit for a tort, the pleadings must state a claim under the TTCA. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). The TTCA expressly waives immunity in three areas when statutory requirements are met: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defect. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *Miranda*,

8

133 S.W.3d at 224–25; (citing *Brown*, 80 S.W.3d at 554); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109. Of these areas, only the second and third are in dispute.

As relevant here, the TTCA waives immunity for two distinct tort causes of action: one arising from tangible personal property and one arising from a premises defect. *See Sampson*, 500 S.W.3d at 385. Thus, the TTCA "applies different standards of care upon a governmental unit for negligence claims based on 'a condition or use of tangible personal property' and claims based on a 'premises defect.'" *Id*. (citing Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2), 101.022(a)). The TTCA's "scheme of a limited waiver of immunity from suit does not allow plaintiffs to circumvent the heightened standards of a premises defect claim contained in section 101.022 by re-casting the same acts as a claim relating to the negligent condition or use of tangible property." *Miranda*, 133 S.W.3d at 233. Therefore, when a plaintiff raises a claim for a premises defect, we must analyze it under § 101.022, and not as a claim for a condition or use of tangible personal property under § 101.021(2). *Sampson*, 500 S.W.3d at 386.

### (2) Analysis

Due to the different standards of care attached to the two causes of action, a claim against a governmental unit based on the same acts cannot be brought for both a condition or use of tangible property and for a premises defect. *Sampson*, 500 S.W.3d at 385. The determination of the true nature of a claim is a legal question. *Id.* The TTCA does not define "tangible personal property" or "premises defect" but the Texas Supreme Court, "both within and outside of the Tort Claims Act, has consistently treated slip/trip-and-fall cases as presenting claims for premises defects." *Id.* With these principles in mind, we must first decide whether Bailey's claims of alleged negligence are based on a condition or use of tangible personal property or based on premises defect.

9

We begin with Bailey's argument, which he characterizes as a condition or use of tangible personal property claim, that he established a waiver of immunity because "the yellow rope strung across the bicycle path is tangible personal property." In *Sampson*, the Court discussed the distinction between a cause of action for premises liability and negligent activity. *See id.* at 388. There, a law professor at The University of Texas at Austin (UT) alleged he was walking to his office on a campus sidewalk when he tripped over an extension cord strung across a pedestrian walkway between the parking lot and the law school entrance. *Id*. at 383. UT was hosting a tailgate party on the law school lawn, which took place a few hours before the kickoff of a football game. *Id*. From the fall to the sidewalk, Sampson sustained a shoulder injury that required surgical repair. *Id*.

In determining the true nature of Sampson's claim, the Supreme Court "recognized that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measure to make the property safe." *Id.* at 388. Under the TTCA, "the dangerous condition upon which a premises defect claim is based may be created by an item of tangible personal property." *Id.* "The distinction lies in whether it is the actual use or condition of the tangible personal property itself that allegedly caused the injury, or whether it is a condition of real property—created by an item of tangible personal property—that allegedly caused the injury." *Id.* Based on these principles, the Supreme Court held Sampson's allegation that the static placement of an extension cord on real property—which then created a gap between the cord and the ground as it was hung over the concrete retaining wall—created a dangerous condition of a tripping hazard and was not in "use." *Id.* at 390. Of note, there was no allegation made by Sampson that the cord was being pulled across the walkway by a UT employee

contemporaneously with his fall, or that the cord itself was defective—being frayed or having exposed wires—which directly caused him to be shocked. *Id.* at 390–91. *Sampson* instructs, then, in order to state a "use" of tangible personal property claim under the TTCA, "the injury must be contemporaneous with the use of the tangible personal property. *Id.* at 388–89. "Allegations of mere non-use of property cannot support a 'use' claim under the Tort Claims Act." *Id*. Said differently, a governmental unit does not "use" tangible personal property by merely providing, furnishing, or allowing access to it. *Id.* (quoting *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 98 (Tex. 2012).

In liberally construing Bailey's allegations in this instance, we determine the claim he labels as "ordinary negligence" is actually a premises defect claim. Bailey contends that "because an issue of material fact existed as to the jurisdictional facts surrounding the placement of the rope and the responsibility for the leak," the plea was properly denied. We disagree. There is no allegation or evidence in the record that the rope itself was defective, or that his injuries were caused by a contemporaneous use of the rope by a governmental employee. *See Sampson*, 500 S.W.3d at 390. Therefore, the trial court erred by denying Appellants' plea to the jurisdiction based on Bailey's claim of negligent use or condition of tangible personal property.

Because we conclude the true nature of the respective claims against Appellants are based on premises defect, we must next address whether he established a waiver of immunity for those claims. When a claim arises from a premises defect, "the governmental unit owes to the claimant only the duty the private person owes to a licensee on private property. . . ." Tex. Civ. Prac. & Rem. Code § 101.022(a). Although the TTCA waives governmental immunity for certain kinds of claims, the Recreational Use Statute, which applies to governmental units, effectively limits the scope of the waiver of immunity for an "owner, lessee, or occupant of real property" who gives

11

permission to others "to enter the premises for recreation." Tex. Civ. Prac. & Rem. Code Ann. § 75.002(c). When "a person enters premises owned, operated, or maintained by a governmental unit and engages in recreation on those premises, the governmental unit does not owe to the person a greater degree of care than is owed to a trespasser on the premises." *Id.* § 75.002(f). To establish a waiver of immunity under the Recreational Use Statute, ordinary negligence is insufficient; instead, a plaintiff must establish the governmental unit "has been grossly negligent or has acted with malicious intent or in bad faith." *Id.* § 75.002(d); *Univ. of Tex. v. Garner*, 595 S.W.3d 645, 648 (Tex. 2019) (per curiam) (statute effectively immunizes landowner from ordinary negligence claims when landowner allows others to use its land for certain types of recreational activities by requiring claimants to prove gross negligence, malicious intent, or bad faith as prerequisite for recovery).

The Recreational Use Statute applies only to certain activities defined as "recreation." Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3). The statute defines "recreation" by means of a nonexclusive laundry list, including activities such as "bicycling and mountain biking." *Id.* § 75.001(3)(M); *see Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015) (statute's list of recreational activities is nonexclusive). Apart from the listed recreational activities, the statute includes a catch-all provision extending its scope to "any other activity associated with enjoying nature or the outdoors." Tex. Civ. Prac. & Rem. Code Ann. § 75.001(3)(L).

Bailey's allegations asserted Appellants: (1) failed to maintain a reasonably safe bike trail and failed to properly maintain water pipes and trail lights; (2) created dangerous conditions by placing or allowing the placement of a yellow rope across the bike trail, allowing water to leak across the trail, and by allowing a light to remain unlit on the trail; (3) failed to inspect the bike trail in order to discover the dangerous conditions; (4) failed to correct the dangerous conditions

12

that were created by the water, the yellow rope, and the light; and (5) failed to warn invitees/users of the bike trail that dangerous conditions existed.

There is no dispute Bailey was bicycling on a City-owned bike trail. Therefore, we conclude his claim against Appellants falls within the scope of the Recreational Use Statute. Accordingly, Appellants' immunity is waived only if it was grossly negligent or acted with malicious intent or bad faith. *See id.* § 75.002(a), (c), (f); *Suarez*, 465 S.W.3d at 627 (statute classifies recreational users as trespassers and requires proof of gross negligence, malicious intent, or bad faith). Bailey's live pleading, however, wholly failed to allege the City or SAWS were grossly negligent, or that either of them acted with malicious intent or in bad faith. In his response to the plea to the jurisdiction, Bailey requested leave to amend his pleadings to include a claim under the Recreational Use Statute for gross negligence. Contemporaneously, he filed his Third Amended Petition. In this petition, he raised a claim under the Recreational Use Statute and alleged "the acts and/or omissions of [the City] . . . constitute[d] gross negligence and that same was done or failed to be done in a manner which demonstrated heedless and reckless disregard for the rights, welfare and safety of others." At the hearing on the City's plea, Bailey's counsel stated there was no dispute that the statute applied. However, at a later hearing, counsel withdrew his request to amend, and the trial court signed an order striking the Third Amended Petition. We are left, then, with his Second Amended Petition as the live pleading.

The only allegations in Bailey's live pleading assert that Appellants knew or should have known that water was leaking on the trail, that the yellow rope was on the trail, and that a trail light was out and the governmental entities failed to warn invitees of these dangers. These factual allegations do not give rise to gross negligence as Bailey failed to allege facts showing Appellants were aware of an extreme degree of risk and consciously ignored the risk. *See* Tex. Civ. Prac. &

13

Rem. Code Ann. § 41.001(11) (defining "gross negligence"). We thus conclude he failed to meet his burden to affirmatively demonstrate the trial court's subject matter jurisdiction by alleging his injuries caused by a premises defect were the result of gross negligence, malicious intent, or bad faith. *See City of San Antonio v. Vasquez*, 340 S.W.3d 844, 847 (Tex. App.—San Antonio 2011, no pet.).

In sum, Appellants' plea established as a matter of law that the trial court lacked subject-matter jurisdiction over Bailey's claims and Bailey failed to demonstrate there was a disputed issue of material fact regarding the jurisdictional issues. Accordingly, the trial court erred in denying Appellants' plea to the jurisdiction based on Bailey's premises defect claims. We sustain Appellants' first and second issues.

## IV.  REMAND OR RENDER

Because we conclude that Appellants are immune from Bailey's pleaded claims, we must finally determine whether to dismiss those claims with prejudice or remand the case to the trial court to give him an opportunity to replead. As alternative relief on appeal, Bailey asks this Court to remand the cause to the trial court to allow him to amend his petition. According to Bailey, the City had three years after suit was filed in 2019 to file its plea based on the Recreational Use Statute but did not do so until two days after the docket control pleading deadline. Bailey contends that had the City done so earlier he would have amended his petition prior to the hearing. The City counters that Bailey in fact filed a Third Amended Petition based on the Recreational Use Statute, which contained allegations of gross negligence, but he then willingly withdrew that pleading; therefore, it argues Bailey should not be afforded another opportunity to amend so as to add a new cause of action.

14

Generally, a plaintiff deserves "a reasonable opportunity to amend" unless the pleadings affirmatively negate the existence of jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *see also City of Floresville v. Starnes Inv. Grp., LLC*, 502 S.W.3d 859, 870 (Tex. App.—San Antonio 2016, no pet.) ("[A]ppellate courts generally must remand a case to afford parties an opportunity to cure jurisdictional defects in their pleadings when the parties did not have that opportunity in the first instance because the jurisdictional issue arose for the first time on appeal."). However, dismissal with prejudice is appropriate "when a trial court lacks subject matter jurisdiction because of the [governmental] immunity bar" and the plaintiff is incapable of remedying the jurisdictional defect. *Sykes*, 136 S.W.3d at 639. "If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Id.* "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

Additionally, a plaintiff can waive his opportunity to amend through inaction. *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 328 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Specifically, a plaintiff who does not present an objection to the trial court or request an opportunity to amend its petition waives any complaint that it was not given an opportunity to amend. *See Kassen v. Hatley*, 887 S.W.2d 4, 13 n. 10 (Tex. 1994) (holding that because plaintiffs did not object to trial court or request opportunity to amend their petition in wake of governmental entities' summary judgment, they waived any complaint); *Tara Partners, Ltd. v. City of S. Houston*, 282 S.W.3d 564, 570, 578 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("By

15

failing to seek permission to amend after the trial court found the City's plea meritorious, appellants forfeited the opportunity to amend while this case was pending in the trial court.").

In this case, Bailey filed his Second Amended Petition on May 11, 2022, and Appellants filed their joint plea to the jurisdiction on August 19, 2022. In its plea, the City argued the Recreational Use Statute applied. On August 30, 2022, Bailey filed his response to the plea in which he requested leave to amend his petition and he contemporaneously filed his Third Amended Petition. The next day, the trial court commenced a hearing on the plea to the jurisdiction at which Appellants' counsel objected to any amendment, and the court took the issue under advisement. On September 20, 2023, the trial court signed an order denying both pleas. A few days later, Appellants filed a motion requesting clarification on which of Bailey's petitions was deemed the live pleading to which the court had denied the pleas.

The trial court held a hearing on the request for clarification during which Bailey's counsel stated as follows:

> Your Honor, our response is that we believe that it [the trial court order denying the plea] was under the second petition. I had filed–and they were right in their motion. I had filed a motion for leave to amend back [sic] last August right before this was heard. Their plea to the jurisdiction was heard. That motion for leave was never ruled upon. *I'm . . . even fine withdrawing my third amended petition at this time.*
>
> So, you know, . . . it was my understanding that is it was the second amended petition because the third was never even–I was never granted leave so I–technically, that wasn't actually the–really the active or live pleading at the time. [Emphasis added]

The trial court agreed the Second Amended Petition was the live pleading, but offered Bailey the opportunity to amend:

> I should have and what I intended to do was to grant you leave to amend your pleading, but not to have that considered with respect to the plea to the jurisdiction. So I'd still like to do that and . . . I'd like to hear from [Appellants] on whether there's any objection to that?

16

Appellants' counsel stated she had no objection but requested leave to amend the pleas to address any new cause of action or allegations. The court agreed with Appellants' counsel and asked Bailey whether he wanted to keep his later petition on file, to which Bailey responded he would withdraw the Third Amended Petition. On October 16, 2023, the trial court signed an Agreed Order Striking Plaintiff's Third Amended Petition and an amended order denying the joint plea to the jurisdiction and clarifying the Second Amended Petition was the live pleading.

Having been given two opportunities to amend his petition to address the issues prior to the trial court's ruling, we must conclude on this record that Bailey forfeited his right to a third opportunity. *See Sykes*, 136 S.W.3d 635, at 639–40 (noting trial court allowed Sykes to file an amended petition, after which court made its final ruling and concluding Sykes was "foreclosed from relitigating whether the Texas Tort Claims Act waives immunity in this case"); *City of Floresville*, 502 S.W.3d at 871 (concluding Starnes had fair opportunity to allege facts tending to demonstrate trial court had jurisdiction to hear the case and rendering judgment dismissing his claims with prejudice).

## V. CONCLUSION

The trial court's order denying Appellants' joint plea to the jurisdiction is reversed, and we render judgment that Bailey's claims against SAWS and the City are dismissed for want of jurisdiction.


GINA M. PALAFOX, Justice

November 20, 2024

Before Alley, C.J., Palafox and Soto, JJ.